**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**LYNN GRAY**                                                                                        **PLAINTIFF**

**V.**                                                  **CASE NO. 2:10CV130**

**MID DELTA HEALTH SYSTEMS, INC.**                                    **DEFENDANT**

**ORDER**

This cause comes before the court on the motion **[4]** of plaintiff, Lynn Gray, for remand to the Circuit Court of DeSoto County, Mississippi. Defendant, Mid-Delta Health Systems, Inc., has responded to the motion in opposition.

The complaint alleges that Plaintiff Lynn Gray began working for Defendant Mid-Delta in 2005. Gray served as office manager for the hospice center. She asserts that she witnessed falsification of records to Medicare by Mid-Delta employees. Defendant also allegedly requested that Gray participate in changing records for Medicare qualification purposes. Gray refused. Subsequently, she was terminated.

In 2007, Gray filed the instant complaint alleging retaliatory discharge and wrongful termination. The suit names Mid-Delta as the sole Defendant and requests relief under Mississippi public policy exceptions to the employment at will doctrine.

Plaintiff argues that Defendant's Notice of Removal is untimely. Notice of Removal must be filed within thirty days of receipt of the summons and complaint, or at the latest, thirty days after receipt of a copy of an amended pleading, motion, or order from which it may be first ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

Defendant contends that its Notice of Removal was timely because it was filed within ten days of dismissal of its appeal. However, removal is not dependent on a loss on appeal, but

rather on the standard discussed above. Plaintiff specified the illegality that she refused to participate in as being "falsification of records to Medicare" in her Complaint, filed on February 13, 2007. Defendant could have ascertained the possible federal nature of claims at this time. In fact, Mid-Delta cited federal statutes, including the Health Insurance Portability and Accountability Act, in its Answer on October 29, 2008. Certainly, Defendant must have been aware that removal was possible at the filing of Plaintiff's Response to its Motion for Summary Judgment on April 29, 2010. Plaintiff not only reasserted the activity she witnessed, but expressly provided the federal acts she reported it violated. Thus, removal should have been filed by June 1, 2010 at the latest. FED. R. CIV. P. 6(a). The Notice of Removal was untimely filed on August 6, 2010.

     Plaintiff further argues that remand is proper due to a lack of subject matter jurisdiction, even had the Notice been timely filed. The burden of establishing federal jurisdiction rests on the party seeking a federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This Court has jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). To determine whether a case "arises under" federal law, this Court must look to the "face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed.2d 318 (1987). Plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* "Thus, as a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Burton v. Southwood Door Co., Mea, Inc.*, 305 F.Supp.2d 629, 632 (S.D. Miss. 2003) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S. Ct. 2058, 2062, 156 L. Ed.2d 1 (2003).

     A complaint may nonetheless create federal question jurisdiction when it states a cause of

action created by state law and a federal right is an essential element of the state claim, interpretation of the federal right is necessary to resolve the case, and the question of federal law is substantial. *Howery*, 243 F.3d at 917. Plaintiff asserts two state law claims in her complaint, as stated above. Count One seeks damages for retaliatory discharge and Count Two requests relief for wrongful termination, both in violation of Mississippi public policy. The actual type of alleged criminal activity that led to termination is not an essential element of either of Gray's claims. She does not have to first prove that a crime was committed to prevail on her claims. *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 443 (Miss. 1999). The substantial question of her claim is causation, not whether a specific criminal statue was violated, and she is not seeking to invoke a federal right.

Further, Plaintiff does not seek an extension of *McArn* and its progeny. *McArn v. Allied-Bruce-Terminix Co., Inc.*, 626 So. 2d 603 (Miss. 1993) (carving out two public policy exceptions to the employment at will doctrine). She merely asserts that her claims fall within the preexisting exceptions. Gray's claim is that she was terminated for reporting and refusing to participate in criminal activity, unlike the Plaintiff in *Rosamond v. Pennaco Hosiery, Inc.* on which Defendant relies. 942 F. Supp. 279 (N.D. Miss. 1996).

Defendant argues that the claims arise under the False Claims Act ("FCA") because Gray's allegations involve termination over her refusal to participate in Medicare fraud. 31 U.S.C.A. § 3730. However, Plaintiff does not expressly allege that her termination was a violation under the FCA. Further, she is not attempting "to strengthen the Government's hand in fighting false claims," the stated Congressional purpose of the FCA. *Cook County v. United States ex rel. Chandler*, 538 U.S. 119, 133-34 (2003).

Defendant further argues that the False Claims Act expressly provides for preemption of

3

Gray's state law claims. However, the FCA is not exclusive. Congress did not intend to preempt all state law retaliatory discharge claims based on allegations of fraud on the government. S. Rep. No. 110-507 (2008); S. Rep. No. 99-345 (1986); *see also Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936 (7th Cir. 2002). The fact that a private person may bring a *qui tam* case for retaliation does not prevent that person from instead bringing state laws claims for retaliation.

Defendant contends that this Court has jurisdiction because Mid-Delta is a licensed Medicare provider, citing federal acts that govern the program. However, Defendant's mere status as a Health and Human Services facility fails to invoke federal jurisdiction. Thus, an action does not arise under federal law based on these facts.

The Fifth Circuit has held that removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *see also Shamrock Oil and Gas Corporation v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed 1214 (1941). Remand is appropriate here because Mid-Delta failed to timely file its Notice of Removal. Remand is further proper because this Court lacks subject matter jurisdiction.

Plaintiff's motion **[4]** to remand is **GRANTED**.

This the 3rd day of September, 2010.

                                                       **/s/ MICHAEL P. MILLS**
                                                       **CHIEF JUDGE**
                                                       **UNITED STATES DISTRICT COURT**
                                                       **NORTHERN DISTRICT OF MISSISSIPPI**